**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EDWARD BRADAC,

Plaintiff,

v. Case No. 8:26-cv-2194-JLB-NHA

MOLLY LOUISE JACOBS,

Defendant.
______________________________/

**ORDER**

Edward Bradac, a Florida pre-trial detainee, brings a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1) and moves for leave to proceed i*n forma pauperis*. (Doc. 2). Upon consideration, Mr. Bradac's complaint is dismissed for failure to state a claim upon which relief may be granted, and his motion is denied as moot.

I. Introduction

The Court must screen Mr. Bradac's complaint. *See* 28 U.S.C. § 1915A (requiring a district court to screen a complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss the complaint if it "is frivolous, malicious,

or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief"); *see also* 28 U.S.C. § 1915(e)(2) (requiring dismissal of a complaint in an *in forma pauperis* proceeding under the same circumstances).

Mr. Bradac sues his Assistant Public Defender, Molly Louise Jacobs. (Doc. 1 at 2). He contends that Ms. Jacobs has provided ineffective assistance during his criminal proceedings. (*Id.* at 3−6). As relief, Mr. Bradac wants Ms. Jacobs to retain a graphologist and to have his criminal charges dismissed. (*Id.* at 5).

II. Analysis

"[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a section 1983 claim, a plaintiff must allege: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.*

Assistant Public Defender Jacobs is not amenable to suit under section 1983 because it is well settled that a public defender does not act under color

of state law—an element of section 1983—while performing the traditional functions of defense counsel to a criminal defendant in a state court criminal proceeding. Mr. Bradac's complaints about his public defender squarely fall within the scope of Ms. Jacob's public defender's representation in a Florida state criminal proceeding. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). In sum, the allegations in the Complaint fail to demonstrate that Ms. Jacobs acted under color of state law. Accordingly, the claims against Ms. Jacobs must be dismissed for failure to state a claim upon which relief may be granted.

Finally, as part of his request for relief, Mr. Bradac seeks dismissal of all charges against him and release from custody. (Doc. 1 at 5). Where, as here, the relief sought by a prisoner is a judicial determination that he is entitled to a speedier (or immediate) release from custody, the inmate's federal remedy is through a writ of habeas corpus, not a section 1983 complaint. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when a prisoner challenges the fact or duration of his confinement, and the relief sought is release, his sole federal remedy is a writ of habeas corpus);

*Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (finding that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser*, 411 U.S. at 489).

The Court will not construe the Complaint as a habeas petition. Mr. Bradac does not style it as such, nor does he allege that he exhausted his remedies in state court. However, Mr. Bradac is not precluded from filing a separate habeas corpus petition after exhausting all claims in state court.

Accordingly, it is therefore **ORDERED** that:

1. The Complaint filed by Edward Bradac (Doc. 1) is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk of Court is **DIRECTED** to terminate any pending motions, close this case, and enter judgment in favor of Ms. Jacob.

**DONE and ORDERED** in Tampa, Florida, on July 31, 2026.

John L. Badalamenti

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE